## STINNETT v. UNITED STATES.

### No. 5832.

United States Court of Appeals
Fourth Circuit.

March 9, 1949.

Edward A. Gage and George E. Allen, both of Richmond, Va. (Allen, Allen & Allen and George E. Allen, Jr. all of Richmond, Va., on the brief) for appellant.

Rufus D. McLean, Sp. Asst. to the Atty. Gen., and Robert N. Pollard, Jr., Asst. U.S. Atty., of Richmond, Va. (Theron Lamar Caudle, Asst. Atty. Gen., James M. McInerny, Ellis N. Slack and Meyer Rothwacks, Sp. Assts. to the Atty. Gen. and George R. Humrickhouse, U. S. Atty., of Richmond, Va., on the brief), for appellee.

Before PARKER, Chief Judge and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction, after a trial by jury, in the United States District Court for the Eastern District of Virginia, under an indictment charging the defendant Stinnett with willful attempts to evade individual federal income taxes for the calendar years 1942, 1943, 1944, in violation of Section 145(b) of the Internal Revenue Code of the United States, 26 U.S.C.A. § 145(b). Two questions are before us: (1) The sufficiency of the evidence to take the case to the jury; and (2) Whether the court properly charged the jury.

Stinnett, during the tax-years in question, was engaged primarily in the second-hand furniture business in Richmond, Virginia, and, for a time, was in the business of furnishing bail bonds. For 1942, the return filed by Stinnett showed a tax liability of $71.13; this tax, as computed by the Government, amounted to $10,041.-88. Similar serious discrepancies existed as to the years 1943 and 1944.

The case of the Government was built largely on the testimony of Special Agent McClanahan. McClanahan arrived at his computation of Stinnett's tax liability primarily by using the total amount of the bank deposits made by Stinnett as his gross receipts, and then allowing Stinnett all deductions claimed by him for the years in question. Thus, for the year 1942, Stinnett's bank deposits amounted to $46,753.28, yet he reported gross receipts of only $25,000.00 and a net income of only $1,574.43.

Even if such a gross discrepancy between bank deposits and gross receipts, without any adequate explanation by the taxpayer, be not sufficient in itself to take the case to the jury, see Gleckman v. United States, 8 Cir., 80 F.2d 394, cert. den. 297 U.S. 709, 56 S.Ct. 501, 80 L.Ed. 996, further corroboration was furnished in the evidence. Stinnett admitted that he deposited business receipts in his bank accounts. In each of the years in question, Stinnett purchased United States Savings Bonds in amounts substantially in excess of the net income reported in his returns. And, in 1944, he purchased cashier's checks out of funds not withdrawn from his bank accounts, in amounts far exceeding even the gross receipts reported by him for that year. McClanahan gave detailed testimony as to his examination of Stinnett's bank deposits and

checks. There was further testimony of inventory discrepancies.

Stinnett could offer no adequate explanation of these gross discrepancies and introduced no documentary evidence whatever. The excuse given for Stinnett's failure to produce his books was that these had been destroyed by the purchaser when Stinnett sold his second-hand furniture business. But the purchaser of the business, H. G. Moss, was asked: "At the time you purchased the defendant's furniture store did you at any time see any records of any nature pertaining to the furniture store?" and replied: "No, Sir, we didn't see anything of any records." And Special Agent McClanahan testified: "Q. Did you inquire about any books that Mr. Stinnett may have left there? A. No, I did not because Mr. Stinnett had told me that his books were burned." Stinnett, when asked what had become of these books, testified: "I will tell you, Mr. Allen: In selling out I don't know what became of the books. I was questioned at the Internal Revenue later about the books but I only had information. I didn't have any information from Mr. and Mrs. Moss that they had taken them. I only had people working around—grapevine information—that the books had been destroyed."

Isolating one sentence of the charge from its context, Stinnett complains of the judge's charge to the jury. This sentence reads:

"If you believe from the evidence, all the evidence before you, considering all the circumstances and facts known to you, that the defendant received income during these respective years in an amount or amounts greater than the amount which he stated in his return as being income, then you shall find him guilty."

But this sentence to which objection is made shows clearly that it was not intended as a complete statement in itself of all the elements of the crime charged. Even if the sentence, standing by itself, might be construed as telling the jury that the defendant must be found guilty if, during the respective years, he received income exceeding the amount stated in his returns, any possible ambiguity was immediately cleared up in the succeeding sentences in the same paragraph, which read:

"It is not necessary that the Government prove the precise amount. You may believe that it was less than the amount the Government claims but if you believe that he received an amount greater than the amount which he returned and you further believe that in making out his returns he knew that he was reporting less than the true amount of his income, that he made out the return knowing that and with the purpose of defrauding the Government by making that return, then you shall find him guilty. Unintentional or inadvertent mistakes on the part of the defendant are not sufficient to convict. You must believe that he knew that he intentionally and deliberately filed a return for an amount less than he actually received, and if you believe that with respect to any one of those returns for the years 1942, '43 or '44, you should find him guilty for such year or years as you believe that he deliberately and intentionally misstated his income.

"Upon the other hand, unless you are satisfied beyond a reasonable doubt, as I have undertaken to define it, that he intentionally and deliberately misstated the amount of his income in filing these returns, then you should find him not guilty."

We think there was ample evidence to take the case to the jury and that there was no prejudicial error in the charge to the jury.

The judgment of the District Court is affirmed.

Affirmed.