MARC W. GRAF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graf v. Commissioner
Docket No. 5009-81.
United States Tax Court
T.C. Memo 1983-346; 1983 Tax Ct. Memo LEXIS 447; 46 T.C.M. (CCH) 450; T.C.M. (RIA) 83346; June 13, 1983. Marc W. Graf, pro se. Ellen T. Friberg, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax for calendar years 1976, 1977 and 1978 as follows: Additions to the Tax
Year
Deficiency
Sec.6651(a) [1]
Sec.6653 (a)
Sec.6654
1976
$1,780.45
$445.11
$89.02
$66.32
1977
1,826.50
456.63
91.33
64.98
1978
2,243.75
560.94
112.19
71.64
The issues for our decision are: (1) whether petitioner is relieved from income tax liability because of his association with Life Science Church, Chapter *449 11004, and (2) whether petitioner is liable for additions to tax under section 6651(a)(1), section 6653(a) and section 6654. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Marc W. Graf, resided in Wisconsin at the time he filed the petition in this case. During the years in issue, his family consisted of himself, his wife, and two minor children. He was a licensed chiropractor, offering chiropractic services at the Graf Chiropractic Clinic. For 1976, Mr. Graf filed an individual Form 1040 with the Internal Revenue Service Center at Kansas City, Missouri. The form contained his name and address, but it was neither signed nor dated. On the form was the statement, "This document consists of Form 1040, United States Constitution and 26 pages of Schedule 'Z'." No entries were made on the Form 1040 for income, deductions, computations, or exemptions. the attached Schedule "Z" listed line by line various constitutional objections to completing each entry on the Form 1040. It also included quotations from several cases. By letter dated May 5, 1977, the Director of the Service Center informed petitioner that the Form *450 1040 he had submitted was not acceptable as an income tax return for 1976.The Director enclosed with his letter a statement of the filing requirements and the additions provided by the Internal Revenue Code for failing to file an income tax return. He also enclosed blank Forms 1040 for 1976. For 1977, Mr. Graf filed a Form 1040 similar to the one he had submitted for 1976. As with 1976, the form disclosed no information regarding his income or deductions. It was again unsigned and undated. For 1977, however, he stated, "Object, 5th Amend. U.S.C." to each request for income information on the form. The Director of the Service Center again informed petitioner, by letter dated April 20, 1978, that the Form 1040 which had been submitted for 1977, was not acceptable as an income tax return. Again, he advised petitioner of the filing requirements and additions for failure to timely file a return; and once again, he included blank Forms 1040 for 1977. Petitioner did not file any Form 1040 for 1978. In 1976, the petitioner took a "Vow of Poverty" under which he purportedly made an irrevocable gift of all his propertyn and income to the Life Science Church, Order of Almighty *451 God, Chapter 11004. However, petitioner retained legal title to his home and continued to live there with his wife and children during the years in issue. He also continued to use his car and other personal possessions as his own. In his notice of deficiency the respondent determined that petitioner received net income from self-employment of $9,626 in 1976, $9,905 in 1977 and $11,108 in 1978. Respondent determined petitioner's income by reference to cost of living comparative indexes published by the Bureau of Labor Statistics for a family of four on a low budget. The respondent determined that the petitioner failed to file timely returns for each of the years 1976, 1977 and 1978 and that such failure was not due to reasonable cause. He further determined that petitioner's underpayment of tax in each year was due to negligence or intentional disregard of rules and regulations. He also determined that petitioner failed to pay estimated tax. Accordingly, the respondent asserted additions to tax under section 6651(a)(1), section 6653(a) and section 6654 for all years in issue. OPINION Under section 61, gross income is defined to include compensation for services. Petitioner *452 is a chiropractor and was compensated for his services at the Graf Chiropractic Clinic. However, he contends that his chiropractic services were performed for the benefit of the Life Science Church. He argues that he is exempt from income taxation because he filed the vow of poverty with Chapter 11004 and gave everything he owned to that religious order. He thus claims that any compensation he received is exempt from tax.
When an agent receives income for a principal, it is the income of the principal, not the agent. Maryland Casualty Co. v. United States,251 U.S. 342 (1920). Similarly, if a member of a religious order receives income on behalf of that order and turns it over to the order pursuant to a vow of poverty, the income is that of the order rather than the member. But if there is no agent-principal relationship, then a taxpayer's assignment of compensation for services is ineffective to relieve the taxpayer from Federal income tax liability. Lucas v. Earl,281 U.S. 111 (1930); McGahen v. Commissioner,76 T.C. 468, 479 (1981), *453 on appeal (3rd Cir., August 24, 1981). This is true regardless of the motivation behind the assignment. The petitioner has the burden of proving that respondent's determinations are in error. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. However, he introduced no evidence regarding the nature and the operations of the religious order to which he claims he belonged, nor has he shown that he gave all of his income to Chapter 11004. Likewise, he has not established that he was an agent acting on behalf of a principal. He admits that after taking the vow of poverty, he continued to hold title to and to use his home and to hold and use his automobile and other personal property as his own. He continued to maintain a bank account in his name from which he paid his expenses. Clearly, he has established no basis for shifting the incidence of taxation away from himself because as we have previously held: "A member of a religious order under a vow of poverty is not immune from Federal income tax by reason of his clerical status *454 or his vow of poverty, but is subject to tax to the same extent as any other person on income earned or received in his individual capacity." McGahen v. Commissioner,supra at 478; Kelly v. Commissioner,62 T.C. 131 (1974); Rev. Rul. 77-290, 1977-2 C.B. 26. We conclude that petitioner cannot escape taxation on his income. [2]
*455 When a taxpayer refuses to cooperate with the Internal Revenue Service in the ascertainment of his income, the Internal Revenue Service has great latitude in determining tax liability. One method it has used to reconstruct income is to rely on the tables of the Bureau of Labor Statistics. See, e.g., Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); Kindred v. Commissioner,669 F.2d 400 (6th Cir. 1982), affg. T.C. Memo. 1979-457; Giddio v. Commissioner,54 T.C. 1530 (1970). The petitioner contends, however, that the use of the tables effectively destroys his constitutional right to withhold his financial information. He argues that he cannot overcome the presumptive correctness of the respondent's determination based on the tables without disclosing the financial information in violation of his rights. Every one of Mr. Graf's constitutional objections have been considered repeatedly by the courts and have been held to be totally without merit. See, e.g., United States v. Sullivan,274 U.S. 259 (1927); *456 United States v. Daly,481 F.2d 28, 30 (8th Cir. 1973); Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F. 2d 1063 (8th Cir. 1983); Jarvis v. Commissioner,78 T.C. 646 (1982); Thompson v. Commissioner,78 T.C. 558 (1982); Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. per curiam 696 F.2d 1234 (1983); Hatfield v. Commissioner,68 T.C. 895 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3rd Cir. 1977). Since the petitioner has failed to present any evidence to rebut the respondent's determination of the deficiencies, the petitioner has failed to carry his burden of proof. We sustain the respondent as to the deficiencies for 1976, 1977 and 1978. Respondent asserted the addition to tax under section 6651 (a)(1). This section provides that for failure to timely file a return, there shall be due an addition to tax of up to 25 percent of the tax required to be shown on the return unless it is shown that such failure to *457 file is due to reasonable cause and not willful neglect. Here again, the petitioner has the burden of provind that the respondent erroneously determined that there was no reasonable cause for the failure to file. BJR Corp. v. Commissioner,67 T.C. 111, 131 (1976); Rule 142(a), Tax Court Rules of Practice and Procedure.
In order for a document to constitute a valid return, it must contain sufficient information for the Commissioner to compute and assess the liability with respect to a particular tax of a taxpayer. Automobile Club of Mich. v. Commissioner,353 U.S. 180, 188 (1957). The disclosure of such data must be provided in a uniform, complete and orderly fashion. Commissioner v. Lane-Wells Co.,321 U.S. 219, 223 (1944). Furthermore, a Form 1040 does not qualify as a return if it does not reflect the items of gross income and the deductions and credits claimed by the taxpayer. See United States v. Moore,627 F.2d 830 (7th Cir. 1980). From the foregoing it is obvious that the Forms 1040 filed by the petitioner *458 for 1976 and 1977 fall woefully short of constituting returns. Moreover, he failed to file any Form 1040 for 1978. Mr. Graf also failed to show any "bona fide misunderstanding as to his liability for the tax, [or] as to his duty to make a return." United States v. Murdock,290 U.S. 389, 396 (1933). His vague assertions with respect to alleged constitutional violations do not constitute reasonable cause for failure to file timely returns. See Muste v. Commissioner,35 T.C. 913 (1961). Accordingly, we sustain the respondent's determination on this issue. Because of petitioner's failure of proof we also must uphold the additions to tax under section 6653(a) and 6654 (the addition under the latter section is, in any event, mandatory). Rule 142(a), Tax Court Rules of Practice and Procedure; see Hatfield v. Commissioner,supra and cases cited therein. Finally, we feel an obligation in this case to review the petitioner's conduct in the light of possible damages under section 6673. [3] First, the petitioner, an educated and intelligent, professional person, filed incomplete and obviously improper Forms 1040 for 1976 and *459 1977. He then failed to file proper returns after being advised in both years in writing as to their incompleteness and as to the additions which were assessable for failing to timely file proper returns. In spite of this advice, he failed to file any type of return for 1978. Third, upon receipt of the deficiency notice, he filed a petition and subsequent briefs and other documents asserting frivolous and groundless reasons for his failure to comply with the law. In view of the foregoing, we are forced to conclude that his *460 petition was filed and maintained in this Court merely for delay and his position was based upon frivolous constitutional objections. Under these circumstances we hereby award to the respondent damages under section 6673 in the amount of $500. Due to mathematical corrections of respondent's determination stipulated to by the parties, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. On brief petitioner relies on language in section 3401(a)(9) to support his view that his compensation is exempt from tax. Section 3401(a)(9) provides: (a) Wages.--For purposes of this chapter, the term "wages" means all remuneration (other than fees paid to a public official) for services performed by an employee for his employer, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include remuneration paid-- (9) for services performed by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties requried by such order * * *. Petitioner seriously misplaces reliance on section 3401 (a)(9). That section refers to the withholding of income tax at the source and is an entirely separate matter from whether tax must be paid on income. Compare section 62 with section 3401. See McGahen v. Commissioner,76 T.C. 468↩ (1981).
3. During the years in issue, section 6673 provided: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. For cases commenced after December 31, 1982, the Court may impose damages up to $5,000. See section 292(b), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 97 Stat. 574.↩