ROBERT R. COLLIER AND CORA M. COLLIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collier v. Commissioner
Docket No. 10286-81.
United States Tax Court
T.C. Memo 1983-564; 1983 Tax Ct. Memo LEXIS 235; 46 T.C.M. (CCH) 1378; T.C.M. (RIA) 83564; September 12, 1983. *235 Held, Fraud addition sustained. Robert R. Collier and Cora M. Collier, pro se. David W. Johnson, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent mailed to each of the two petitioners a statutory notice of deficiency on February 24, 1981, showing the following amounts of deficiencies and additions to tax: Robert R. Collier
Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1976
$1,209.00
$302.25
$60.45
$45.07
1977
7,749.50
387.48
1978
2,659.00
664.75
132.95
84.89
1979
3,628.00
907.00
181.40
152.07
Cora M. Collier
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1976
$1,209.00
$302.25
$60.45
$45.07
1977
7,749.50
387.48
1978
2,659.00
664.75
132.95
84.89
1979
3,628.00
907.00
181.40
152.07
Respondent requested and was granted leave to file an amended answer in which respondent claimed a $200 increase in the amount of the deficiency for each petitioner for the 1976 calendar year, thereby increasing the total 1976 deficiency from $1,209 to $1,409 for each petitioner. Respondent also alleged that part of the underpayment of tax due from each *236 petitioner for 1976 through 1979 was due to fraud with intent to evade tax so that each petitioner was liable for section 6653(b) additions to tax in the following amounts: Robert R. Collier
Cora M. Collier
Sec. 6653(b)
Sec. 6653(b)
Year
Addition
Year
Addition
1976
$704.50
1976
$704.50
1977
3,874.75
1977
3,874.75
1978
1,329.50
1978
1.329.50
1979
1,814.00
1979
1,814.00
By Court order dated April 28, 1982, all except paragraphs 5 and 6 of respondent's proposed stipulation of facts together with all exhibits pertinent thereto were deemed to be stipulated pursuant to Tax Court Rule 91(f). [2]
On June 16, 1982, respondent moved to dismiss the case with respect to issues upon which petitioners bear the burden of proof based upon petitioners' failure to answer interrogatories and to produce documents pursuant to an order of this Court dated April 14, 1982. [3] On June 18, 1982, respondent's motion to dismiss the case was granted as it pertains to the income tax deficiencies for each of the years 1976 through 1979, inclusive, in the amounts set forth in the statutory notice of deficiency issued on February 24, 1981. [4] Thus, the issues that remain *237 for decision are the merits of the section 6653(b) addition to tax for the years 1976 through 1979, inclusive, and the increase in the deficiency for the 1976 year with respect to which the respondent has the burden of proof. FINDINGS OF FACT Some of the facts have been stipulated.Petitioners, husband and wife, resided in Houston, Texas, when their petition in this *238 case was filed. Petitioners are calendar year, cash basis taxpayers. Mr. Collier was employed by J.E. Sirrine Company as a cost engineer and for the years 1976, 1977, 1978 and 1979, received wages in the amounts of $8,338.67, $18,148.70, $19,979.26, and $21,135.94, respectively. For each of these taxable years, Mr. Collier received Forms W-2 from his employer, J.E. Sirrine Company, which forms reflected these payments. During taxable year 1976, Mrs. Collier was employed by Wylie W. Vale & Associates (Wylie Vale) and received wages of $2,550 ($1,350 in excess of the amount stated in the statutory notice of deficiency), and by Weaver Oil & Gas Corporation and received wages of $1,784.80. During taxable year 1977, Mrs. Collier was employed by Weaver Oil & Gas Corporation and received wages of $10,500. During taxable year 1978, Mrs. Collier was employed by Weaver Oil & Gas Corporation and Coral Petroleum, Inc., and received wages of $2,514.74 and $7,912.53, respectively. During taxable year 1979, Mrs. Collier was employed by Coral Petroleum, Inc., and received wages of $13,615.26. Except for the payments by Wylie Vale, Mrs. Collier received Forms W-2 from her employers, which forms *239 reflected these payments for each of the taxable years. During the taxable years in issue Mr. and Mrs. Collier executed and submitted to their respective employers Forms W-4 and W-4E, claiming that withholding was either not applicable to them, they were exempt from it or claiming numerous exemptions. As a result, no tax was withheld from any of their salaries paid during the taxable years in issue. For the taxable year 1976, petitioners jointly filed three Forms 1040, not one of which contained both income figures and petitioners' signatures. No income tax was paid for this year. For the 1977 taxable year, Mr. Collier filed two Forms 1040 and one Form 1040X. On the first Form 1040 submitted, he reported a charitable contribution deduction equal to his reported salary, and on the second Form 1040 submitted for that year the amount he had previously reported as salary he reported as tax exempt income.On the third form submitted, Form 1040X, he reported the same amount of salary as on his first return submitted for the year but reported a tax liability of zero. On each of these forms he claimed a refund of $965.25, an amount previously withheld for FICA payment. He paid no income *240 tax for the year. For the 1977 taxable year, Mrs. Collier filed a Form 1040 reporting wages, and various itemized deductions including a charitable contribution deduction equal to one-half of her wages. She reported a zero tax liability and thus, paid no tax for this year. No other Forms 1040, amended 1040 or 1040X were filed by either petitioner for taxable years 1976, 1977, 1978 or 1979. Furthermore, petitioners did not file a return for tax years 1980 and 1981. There is no question that petitioners knew how to properly file returns, reporting their wages and tax liabilities, because they did so for the 1974 taxable year. They have chosen instead to do all they could to avoid cooperating with respondent and with this Court. At no time during investigation did petitioners produce any records or information as to their income or deductions. OPINION During the trial preparation of this case, respondent discovered Mrs. Collier had received $2,550 from Wylie Vale during 1976, a sum $1,350 in excess of that determined in the statutory notice of deficiency. Respondent amended his answer to increase the tax deficiency by $200 per petitioner during 1976 and thereby assumed the burden *241 of proof with respect to this increase. Rule 142(a). Mr. Collier testified that Mrs. Collier worked for Wylie Vale and received $2,550 in checks from him during the calendar year 1976. The law is well settled that payment in return for services performed is taxable for income tax purposes. Section 61(a)(1). Respondent has met his burden of proving the increased deficiency for the 1976 taxable year and one-half of this additional sum is taxable to each petitioner under the community property laws of Texas. United States v. Mitchell,403 U.S. 190 (1971); Tex. Fam. Code Ann. Tit. 1, secs. 5.01 and 5.27 (Vernons 1975). Respondent has the burden of proving fraud by clear and convincing evidence. Section 7454, Rule 142(b). In recent cases, respondent has met his burden by relying on facts deemed admitted in accordance with the Rules of this Court. See Doncaster v. Commissioner,77 T.C. 334 (1981). To prove fraud, it must be shown that petitioners intended to evade taxes by conduct intended to conceal, mislead, or otherwise prevent the assessment and collection of such taxes. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Petitioners' entire course of conduct can often be relied *242 on to establish circumstantially such fraudulent intent. Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Here respondent relies heavily on the facts and evidence deemed stipulated pursuant to Rule 91(f) and supporting documentary evidence. It is clear from the record that petitioners had sufficient income in each year in issue to require them to file a return. The proper filing for the 1974 tax year by petitioners demonstrates that they knew how to properly make and file a return and knew of their responsibility to do so. Although petitioners submitted numerous Forms 1040 for the 1976 year, none of them constituted valid returns. Two of the forms were signed but contained no information relating to petitioners' income and were therefore invalid. [5] The third form contained income information but was unsigned. [6] *243 For the 1977 taxable year, Mr. Collier again filed three forms, claiming first a charitable contribution equal to the wages he received, later reporting his wages as exempt income, and finally reporting the wages but claiming a tax liability of zero. No income tax was paid for the year, and a refund of $965.25, an amount withheld for FICA payment, was always requested. [7]
No other Forms 1040, amended Forms 1040 or Forms 1040X were submitted during the years in issue even though petitioners continued to receive Forms W-2 from their employers and continued *244 to execute and give to their employers Forms W-4 and W-4E requesting that income tax not be withheld from their salaries. A consistent pattern of failing to file, [8] coupled with the filing of false Forms W-4, [9] is further evidence of fraudulent intent to evade taxes. Petitioners have repeatedly refused to produce complete and adequate books of account and records of their income producing activities. Petitioners allege no facts whatsoever to even suggest there might be some constitutional infirmity in this case. The various vague constitutional objections concerning the jurisdiction of this Court, a right to a jury trial, and assertions regarding the privilege against self-incrimination, etc., have been rejected in other cases with similar facts presented. See, e.g., McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983) (Fourth, Fifth, and Seventh Amendments), affg. 76 T.C. 1027 (1981); Wilkinson v. Commissioner,71 T.C. 633, 638-639 (1979). In viewing the entire record, it is clear that respondent has established *245 by clear and convincing evidence that a part of the underpayment for each of the years in issue was due to fraud. Petitioners knew of their responsibility to file but yet consistently failed to do so for the four consecutive years in issue. Instead, they filed Forms W-4 and W-4E with their employers to insure no tax was withheld. They have refused to submit for examination for the years in issue when requested by respondent's representatives and have refused to disclose their records pertaining to their income producing activities pursuant to an order of this Court dated April 14, 1982. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The respondent's motion to impose sanctions and the Court's order in this case were filed prior to the filing of the opinion in Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063↩ (8th Cir. 1983), the holding of which would have permitted the entry of an order in respondent's favor on those issues upon which the respondent bears the burden of proof. 4. The deficiencies include the additions to tax under secs. 6651(a), 6653(a) and 6654. Sec. 6659 (now sec. 6662). The respondent did not concede that the determinations in respect to secs. 6651(a) and 6653(a) as set forth in the statutory notices of deficiency but recognized if fraud is found sec. 6653(d) precludes their application.Since fraud has been found, the order of June 18, 1982, is effective only as to the additions to tax under sec. 6654.↩
5. To constitute a valid return, a document must contain sufficient information for the Commissioner to assess and compute liability. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Commissioner v. Lane-Wells Co.,321 U.S. 219↩ (1944). 6. To be valid, a return must be signed by the taxpayer under the penalties of perjury. Sec. 6065; Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. 559 F.2d 1207↩ (3rd Cir. 1977).
7. The documents filed with this Court disclose that Mr. Collier became a "minister" with the Basic Bible Church of America in 1977. Although petitioners have not argued that Mr. Collier is exempt from tax by reason of his status as a "minister," it should de pointed out that this Court has rejected the theory of an assignment of lifetime services and has cautioned that the facts might justify the additions to tax under sec. 6653(b). McGahen v. Commissioner,76 T.C. 468, 483 (1981), affd. without published opinion     F.2d     (3rd Cir. 1983), Basic Bible Church v. Commissioner,74 T.C. 846↩ (1980).
8. Webb v. Commissioner,394 F.2d 366↩ (5th Cir. 1968). 9. The filing of false Forms W-4 has been held to be an overt badge of fraud. Nielson v. Commissioner,T.C. Memo. 1980-453↩.