**Tully V. FOSTER et al., Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 73-1155.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 18, 1973.

Decided Nov. 29, 1973.

Bennet Kleinman, Cleveland, Ohio, for appellants; Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, on brief.

Jonathan S. Cohen, U. S. Dept. of Justice, for appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Richard W. Perkins, Libero Marinelli, Jr., Gordon S. Gilman, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Lee H. Henkel, Jr., Chief Counsel, I.R.S., Washington, D. C., of counsel.

Before PHILLIPS, Chief Judge, and CELEBREZZE and LIVELY, Circuit Judges.

PER CURIAM.

The Tax Court determined that the appellants are liable for income tax deficiencies together with fraud penalties as prescribed by Section 6653(b) of the Internal Revenue Code of 1954. Tully V. Foster filed individual income tax returns for the years 1955 through 1958 and he and his wife Mary Foster filed joint returns for the years 1959 through 1962. On August 29, 1972 Judge Tannenwald of the Tax Court filed a Memorandum Opinion covering all eight years in issue. 31 T.C.M. 913.

There were many conflicts in the evidence, both between that of the taxpayers and the government and among the various witnesses for the taxpayers. In addition, the trier of facts was required to make a judgment of credibility in view of the explanation put forward by the taxpayers as to the source of their increased net worth and their consistent failure to report items of income. In resolving the contradictions in the evidence and the issue of credibility the findings of the Tax Court are not clearly erroneous, but are supported by substantial evidence, and are conclusive on review. Rule 52(a) Fed.R.Civ.P.; Com-

missioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L. Ed.2d 1218 (1960); Buckeye Union Casualty Co. v. Commissioner of Internal Revenue, 448 F.2d 228 (6th Cir. 1971).

■ The deficiencies were based on a net worth statement prepared by I.R.S. agents. A stipulation entered into by the parties prior to the trial of this case disclosed the fact that the taxpayers agreed with the net worth calculations of the Commissioner at the end of each year in question. However, appellants maintain that the government did not sustain its case against them as a matter of law because it failed to establish the "likely source" of the funds which contributed to the increase in net worth. United States v. Massei, 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517 (1958), makes it clear that proof of a likely source of income is not a prerequisite to use of the net worth method. In *Massei*, the Court held that there is no necessity for proof of a likely source of income when all possible sources of nontaxable income are negatived.

The taxpayers were the owners of a business which was capable of producing large profits over the years which they operated it. It was a restaurant business in which virtually all receipts and disbursements were made in cash and the Commissioner and Tax Court were entitled to find that the admitted increases in net worth flowed from the operation of this business. The fact that the books of the restaurant were consistent with the figures reported on Schedule C of the taxpayers' returns does not establish the accuracy of the business records. Holland v. United States, 348 U.S. 121, 132, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

■ The taxpayers maintain that the allocation of income made by the Commissioner and the Tax Court is completely arbitrary and that the profits ascribed to their business in the years 1961 and 1962 are incredible. Additional income over and above that reported was allocated to those years in which the net worth of the appellants increased. Since the taxpayers did not come forward with credibile explanations for these increases, under the net worth method it was assumed that the income which produced the increases was earned in the years that the new assets appeared. This is a reflection of the fact that only an approximation is reached when the net worth method is used to determine income tax deficiencies, but it is justified by the failure of the taxpayers to furnish accurate information. Cf. Holland v. United States, *supra*, at 129, 75 S.Ct. 127.

■■ Without a showing of fraud, deficiencies for the years 1955 through 1958 would be barred by the statute of limitations. The burden of establishing fraud is on the Commissioner and he must meet this burden by clear and convincing evidence. 26 U.S.C. § 7454(a), Drieborg v. Commissioner of Internal Revenue, 225 F.2d 216 (6th Cir. 1955). The standard of review of the Tax Court's finding of fraud is the same as with other factual matters—it will not be set aside unless clearly erroneous. Biggs v. Commissioner of Internal Revenue, 440 F.2d 1 (6th Cir. 1971). The record in this case is replete with instances where items of income were omitted from the returns of the taxpayers. Taken as a whole, the evidence was clearly sufficient to support the findings of fraud. Kurnick v. Commissioner of Internal Revenue, 232 F.2d 678 (6th Cir. 1956).

The Tax Court did not abuse its discretion in denying the motions of the taxpayers for retrial and reconsideration on the basis of newly discovered evidence.

The judgment of the Tax Court is affirmed.