Donald John **RECHTZIGEL**, Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE**, Appellee.

No. 82–2054.

United States Court of Appeals,
Eighth Circuit.

Submitted March 30, 1983.

Decided April 6, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen.,
Michael L. Paup, Robert T. Duffy, Melvin
E. Clark, Jr., Attys., Tax Div., Dept. of
Justice, Washington, D.C., for appellee.

Donald Rechtzigel, pro se.

Before LAY, Chief Judge, HENLEY,
Senior Circuit Judge, and FAGG, Circuit
Judge.

PER CURIAM.

Donald John Rechtzigel (hereinafter
"taxpayer") appeals an adverse decision of
the Tax Court. Taxpayer had filed a peti-
tion in the Tax Court contesting the deter-
mination by the Commissioner of Internal
Revenue (hereinafter "Commissioner") of
deficiencies and additions to tax for the
years 1974–1977 in excess of $36,000.00.
The deficiencies amounted to $23,454.47.
The additions included a 50% addition to
tax of $11,727.24 for fraud under 26 U.S.C.
§ 6653(b) and additions of $870.87 for fail-
ure to pay estimated tax under 26 U.S.C.
§ 6654. The Tax Court, upon the Commis-
sioner's request, entered an order that tax-
payer produce all records and data in his
possession or control reflecting his taxable
income for the years 1974–1977. As sanc-
tions for taxpayer's repeated refusals to
comply with the discovery order,[1] the Tax
Court 79 T.C. 132, dismissed taxpayer's peti-
tion and granted a default judgment in
favor of the Commissioner on the fraud
addition. We affirm.

The sole issue raised by taxpayer on this
appeal is whether the Tax Court erred in
rejecting his assertion of his fifth amend-
ment privilege against self-incrimination as
a valid reason for refusing to comply with
the discovery order.

■ Unless the danger of self-incrimi-
nation is readily apparent, the burden of
proving that such a danger exists rests with
the claimant. *Hoffman v. United States,*

---

**1.** The sanctions were imposed pursuant to Rule
104(c) of the Tax Court Rules of Practice and

Procedure.

341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951); *Baker v. Limber,* 647 F.2d 912, 917 (9th Cir.1981); *United States v. Malnik,* 489 F.2d 682, 686 (5th Cir.), *cert. denied,* 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); *United States v. Jones,* 538 F.2d 225, 226 (8th Cir.1976), *cert. denied,* 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 752 (1977). *Cf. Lukovsky v. CIR,* 692 F.2d 527 (8th Cir.1982). Furthermore, a claimant of the fifth amendment privilege cannot be the sole determinor of whether particular material is incriminating. The trial court must make the final determination. *Hoffman v. United States, supra.*

██ Here, the taxpayer alleged a fear of criminal prosecution on the basis of the fact that he had previously been investigated as to the years in question by two agents of the Criminal Investigation Division of the Internal Revenue Service. Notwithstanding the Commissioner's representation that the Internal Revenue Service had made a decision against criminal prosecution, and that no criminal prosecution was pending or threatened, taxpayer invoked his expressed fear as a blanket justification for refusal to produce any material whatsoever.

The Tax Court held that, even assuming taxpayer had established a basis for his fear of the possibility of future prosecution, the danger of self-incrimination was not readily apparent as to all the material encompassed in the Commissioner's request for production, and that taxpayer was required to make specific fifth amendment objections as to the various records he declined to produce. Taxpayer refused to do so, and the Tax Court thereupon correctly rejected his claim of fifth amendment privilege.

We therefore affirm the judgment of the Tax Court.[2]

**2.** We note again that the sole issue raised by taxpayer on this appeal was the validity of his assertion of his fifth amendment privilege. We are troubled by the Tax Court's entry of default judgment on the additions to tax for fraud. The burden of proof is on the Commissioner to show that a taxpayer is guilty of fraud with the intent to evade tax. 26 U.S.C. § 7454. The courts have construed § 7454 as requiring proof of fraud by clear and convincing evidence. *See, e.g., Lessmann v. Commissioner,*

327 F.2d 990, 993 (8th Cir.1964); *Foster v. Commissioner,* 487 F.2d 902, 903 (6th Cir. 1973). Here the Commissioner introduced no evidence or sworn statement, but relied solely on the allegations of his pleadings, which were deemed admitted on taxpayer's default. We are not prepared on the basis of these proceedings to express a general approval of this procedure. However, taxpayer did not raise the issue, and on the facts of this case we do not find plain error.