GEORGE C. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 20489-81.
United States Tax Court
T.C. Memo 1983-527; 1983 Tax Ct. Memo LEXIS 262; 46 T.C.M. (CCH) 1214; T.C.M. (RIA) 83527; August 25, 1983. *262 Held, wages are income. Held further, deficiencies and additions to tax under sections 6653(a), 6653(b) and 6654(a) are sustained. George C. Miller, pro se. Paul J. Dee, Jr., for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6653(b)
Sec. 6654(a) [1]
1975
$1,061.00
$530.50
$20.58
1976
1,589.00
794.50
18.33
1977
1,101.00
550.50
11.94
1978
1,339.00
669.50
16.56
1979
203.00
$10.15
By answer, respondent has determined, in the alternative, that if petitioner is not liable for the additions to tax under section 6653(b) in the years 1975, 1976, 1977 and 1978, petitioner is further liable for the following additions to tax: Additions to Tax
Year
Sec. 6651(a)
Sec. 6653(a)
1975
$265.25
$53.05
1976
397.25
79.45
1977
275.25
55.05
1978
334.75
66.95
The issues *264 for decision are 1) whether petitioner's wages in 1975, 1976, 1977 and 1978 constituted gross income under section 61, 2) whether petitioner's failure to file returns in 1975, 1976, 1977 and 1978 was due to fraud with intent to evade tax, 3) whether petitioner was entitled to employ joint return rates on his 1979 return, 4) whether petitioner was entitled to a personal exemption for his spouse in 1979, 5) whether petitioner underpaid his estimated taxes in the years 1975, 1976, 1977 and 1978 such that additions to tax under section 6654(a) are appropriate, 6) whether petitioner's underpayments for each year were due to negligence or intentional disregard of rules and regulations, 7) whether petitioner's failure to file returns for 1975, 1976, 1977 and 1978 was due to reasonable cause and not willful neglect and 8) whether petitioner had more lawful deductions and expenses than were allowed by respondent in the statutory notice of deficiency. [2]
*265 FINDINGS OF FACT Petitioner resided at Center Harbor, New Hampshire, at the time he filed the petition. During the taxable years 1974 through 1978, inclusive, petitioner was employed as a printing pressman by the Meredith News, Inc. of Meredith, New Hampshire. During those years, he received the following wages: Year
Wages
1974
$7,768.12
1975
7,841.75
1976
8,175.65
1977
8,397.67
1978
9,315.32
On a 1974 tax return filed jointly with his wife, petitioner reported his wages from Meredith News, Inc. as income and paid tax thereon. This return was filed on or about February 24, 1975. Petitioner did not file any return for the taxable years 1975, 1976, 1977 or 1978. On or about January 1, 1975, petitioner executed and submitted to Meredith News, Inc. a Form W-4E, Exemption From Withholding, which stated: "Under penalties of perjury, I certify that I incurred no liability for Federal income tax for 1974 and that I anticipate that I will incur no liability for Federal income tax for 1975." On or about January 1, 1976, petitioner executed and submitted to Meredith News, Inc. a Form W-4E, Exemption From Withholding, which stated: "Under penalties of *266 perjury, I certify that I incurred no liability for Federal income tax for 1975 and that I anticipate that I will incur no liability for Federal income tax for 1976." On or about January 1, 1977, petitioner executed and submitted to Meredith News, Inc. a Form W-4E, Exemption From Withholding, which stated: "Under penalties of perjury, I certify that I incurred no liability for Federal income tax for 1976 and that I anticipate that I will incur no liability for Federal income tax for 1977." On June 29, 1978, petitioner was convicted of filing a fraudulent withholding exemption certificate in violation of section 7205, with regard to the W-4E he executed on or about January 1, 1975. The Court of Appeals for the First Circuit affirmed this conviction on December 15, 1978. On or about December 29, 1978, petitioner executed and submitted to Meredith News, Inc. a Form W-4, to be used for wages paid after May 31, 1978, on which petitioner claimed exemption from withholding. In signing this form, petitioner certified, under penalties of perjury, that he incurred no liability for Federal income tax for the previous year and that he anticipated that he would incur no liability for Federal *267 income tax for the current year. Petitioner did not file a withholding exemption form with his employer for the years 1973 and 1974. OPINION Petitioner has put in issue all the determinations made by respondent in the deficiency notice. Further, petitioner contends that he had more lawful deductions and expenses than were allowed by respondent in the deficiency notice. With regard to all the issues in this case other than the section 6653(b) additions to tax and the alternative additions to tax for the years 1975 through 1978, inclusive, petitioner bears the burden of proof. Rule 142(a). Petitioner has presented no evidence to rebut the deficiencies determined for 1975 through 1979. Indeed, the only argument petitioner raises against the deficiencies is the stale one that his wages are not income because they represent an equal exchange of value between himself and his employer. This argument has been repeatedly rejected and is unworthy of further discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Wages are income. Accordingly, we sustain the deficiencies determined by respondent for the taxable years 1975 through *268 1979, inclusive. Further, petitioner has presented no evidence or even argument that the additions to tax under section 6654(a) for 1975, 1976, 1977 and 1978 and under section 6653(a) for 1979 should not be imposed. Accordingly, we sustain respondent's determination of these additions to tax. The next issue is whether petitioner is liable for additions to tax under section 6653(b) for the years 1975, 1976, 1977 and 1978. On this issue, respondent bears the burden of proving by clear and convincing evidence that some part of an underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. by unpublished order 578 F.2d 1383 (8th Cir. 1978). To prove fraud, respondent must show that the taxpayer acted with the specific intent to evade a tax believed to be owing. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). Fraud may not be presumed or imputed; however, since direct evidence of fraud is seldom available, respondent may meet his burden of proof *269 through circumstantial evidence. Stone v. Commissioner,56 T.C. 213, 224 (1971). In the instant case, we are persuaded of the existence of fraud in each of the four taxable years at issue. First, although he owed taxes for each of the taxable years 1975, 1976, 1977 and 1978, petitioner failed to file returns for those years. Standing alone, this fact is not sufficient proof of fraud. Stoltzfus v. United States,supra at 1005. Such failure, however, may be considered in connection with other evidence indicating fraud. Beaver v. Commissioner,55 T.C. 85, 93 (1970). Second, petitioner evidenced his understanding that wages were taxable income by filing a 1974 tax return showing his wages from Meredith News, Inc. as taxable income. See Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982). Third, and most importantly, petitioner took affirmative steps to avoid having any taxes withheld from his wages by filing false or fraudulent Forms W-4E or W-4 with his employer each year. Rowlee v. Commissioner,supra;Stephenson v. Commissioner,79 T.C. 995, 1007 (1982); *270 Habersham-Bey v. Commissioner,supra at 313-314. Although by virtue of his conviction under section 7205, petitioner is estopped from denying that the W-4E he filed on or about January 1, 1975, was false or fraudulent, he still maintains that none of the exemption certificates he filed for the years in issue were knowingly false. We disagree. Petitioner's first W-4E was filed on or about January 1, 1975, and stated that petitioner had not incurred a tax liability in 1974 and did not expect to incur one in 1975. Nevertheless, approximately two months later petitioner filed his 1974 tax return showing a tax liability and indicating that his wages were taxable. This subsequent action belies any argument that the first W-4E was the product of a bona fide belief that petitioner's wages were not taxable. We are unpersuaded that petitioner ever honestly believed his wages were not taxable during the years in issue. In sum, we hold that respondent has proved fraud by clear and convincing evidence. The additions to tax under section 6653(b) for 1975, 1976, 1977 and 1978 are sustained. [3]
*271 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Intrnal Revenue Code of 1954, as in effect in the years in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. In the petition, petitioner also argued that his rights against self-incrimination entitled him to refuse to supply respondent with financial information, absent a grant of immunity. Since petitioner voluntarily testified at trial and at no time invoked the privilege in response to any question, we deem this argument abandoned. In any event, the Fifth Amendment claim in the instant case was an unsupported, blanket one; accordingly, we are unable to conclude that petitioner's invocation of the privilege was valid. Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. per curiam 703 F.2d 1063↩ (8th Cir. 1983).
3. Holding thus, we need not consider respondent's alternative additions to tax under sections 6653(a) and 6651(a) for each of these years. See sections 6653(b)(3) and 6653(d).↩