SIDNEY M. SWINDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILLA M. SWINDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Swindler v. Commissioner
Docket Nos. 27907-81, 27969-81.
United States Tax Court
T.C. Memo 1984-317; 1984 Tax Ct. Memo LEXIS 356; 48 T.C.M. (CCH) 338; T.C.M. (RIA) 84317; June 21, 1984. Sidney M. Swindler, pro se. Michael McMahon, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: In these consolidated cases respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec.
Sec. 6653(a)
Sec. 6653(b)
6651(a)(1) [1]
Docket No.
Year
Deficiency
Addition to Tax
Addition to Tax
Addition
to Tax
27907-81
1978
$3,490
$1,745.00
1979
1,882
941.00
27969-81
1978
3,490
$845.75
$174.50
1979
1,882
318.25
94.00
*357 The issues for decision are (1) whether petitioners are liable for deficiencies in their 1978 and 1979 Federal income taxes as determined by respondent, (2) whether petitioner-wife is liable for additions to tax under section 6651(a) for failure to file 1978 and 1979 returns, (3) whether petitioner-wife is liable for additions to her 1978 and 1979 taxes for negligence, and (4) whether petitioner-husband is liable for additions to his 1978 and 1979 taxes due to fraud. FINDINGS OF FACT There has been no stipulation of facts. On September 13, 1983, respondent served both petitioners with a request for admissions pursuant to Rule 90, Tax Court Rules of Practice and Procedure.[2] On September 16, 1983, the requests for admissions were filed with the Court. The only response petitioners made to the requests for admissions was to return them to respondent on October 11, 1983, with the phrase "Object-Self Incrimination" stamped directly next to each request. Thereafter, in response to respondent's motion that the Court review the sufficiency of petitioners' objections to the requests for admissions, on November 23, 1983, the Court determined that petitioners' self-incrimination *358 claims were unfounded and ordered petitioners to answer respondent's requests for admissions. Petitioners failed to do so and, thus, at the call of the calendar of this case on November 28, 1983, the Court deemed the matters raised in the requests for admissions admitted. See Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Accordingly, the pleadings in the instant case and respondent's requests for admissions form the basis of these findings of fact. Petitioners, Sidney M. Swindler and Willa M. Swindler (herein collectively referred to as the Swindlers), resided in Kennewick, Wash., when they filed their petitions herein. During 1978 and 1979 petitioner Sidney M. Swindler (Mr. Swindler) was employed as a construction worker and received total wages of $31,785.12 and $29,186.93, respectively. The Swindlers also received interest income of $10.84 and $5.75 in 1978 and 1979, respectively, and had unexplained bank deposits of $3,049.60 and $1,788.20 in 1978 and 1979, respectively. Although the Swindlers filed a completed Federal income *359 tax return for 1977 and computed their tax liability on wages Mr. Swindler received during that year, they did not file Federal income tax returns for 1978 or 1979. Mr. Swindler did file a 1978 Form 1040 on which he wrote "object self incrimination" several times but it did not provide any information from which his tax liability could be computed. On January 9, 1978, November 17, 1978, and March 26, 1979, Mr. Swindler also filed Forms W-4 with his employers on which he claimed to be exempt from withholding and certified under penalties of perjury that he incurred no liability for Federal income tax for the prior year and that he would incur no such liability for the current year. In his notices of deficiency, respondent determined that each of the Swindlers had taxable income of $17,119.54 and $12,995.31 in 1978 and 1979, respectively. [3] Respondent also asserted additions to Mrs. Swindler's 1978 and 1979 taxes for negligence and for failure to file a return and to Mr. Swindler's 1978 and 1979 taxes for fraud. [4]
*360 OPINION The first issue is whether the Swindlers are liable for the deficiencies respondent determined with respect to their 1978 and 1979 Federal income taxes.The Swindlers have the burden of proving that respondent's determinations of these tax deficiencies are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Since the Swindlers presented no evidence on this issue and instead relied on a blanket assertion of the Fifth Amendment right against self-incrimination even though it is clear that there is no criminal prosecution pending or threatened against them, we sustain respondent's determinations. See Rechtzigel v. Commissioner,79 T.C. 132, 136 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983). Mrs. Swindler has similarly failed to present any evidence to carry her burden of proving that respondent erroneously asserted additions to tax against her under sections 6651(a) and 6653(a). See Welch v. Helvering,supra; Rule 142(a). Accordingly, we also sustain the additions to tax respondent asserted against Mrs. Swindler for each of the years in issue. Finally, we must determine whether *361 Mr. Swindler is liable for an addition to tax for fraud with respect to each of the years in issue. Section 6653(b) provides a 50 percent addition to tax if any part of the underpayment of a tax required to be shown on return is due to fraud. For purposes of section 6653(b), fraud is an intentional wrongdoing with the specific intent to evade a tax believed to be owed. McGee v. Commissioner,61 T.C. 249, 256 (1973), affd. 519 F.2d 1121 (5th Cir. 1975); Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968). The existence of fraud is a question of fact to be determined from the entire record. Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). The burden of proof is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Because direct proof of fraudulent intent is seldom possible, respondent may show the requisite intent from the conduct of the taxpayer and the surrounding circumstances. Grosshandler v. Commissioner,supra.
Based on the record before us, we are convinced that with respect to both of the years in issue Mr. Swindler intentionally sought *362 to evade a tax that he knew he owed. The fact that he filed a completed Federal income tax return for 1977 and computed his tax liability on the wages he received during that year clearly indicates to us that he was aware of his duty to pay Federal income taxes on his 1978 and 1979 wages. However, with respect to his 1978 taxable year Mr. Swindler filed a Form 1040 on which he asserted frivolous objections and failed to provide information from which his tax liability could be computed and with respect to his 1979 taxable year he did not file anything even purporting to be a return. Moreover, on two occasions in 1978 he filed a Form W-4 with his employer wherein he falsely claimed that he was exempt from withholding on his wages and falsely certified that he incurred no liability for Federal income tax for 1977. He also filed a similarly false Form W-4 in 1979. Accordingly, on the basis of this evidence, we conclude that with respect to each of the years in issue Mr. Swindler fraudulently attempted to evade Federal income taxes within the meaning of section 6653(b). See Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983). [5]
*363 To reflect the foregoing, Decisions will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Since the Swindlers resided in a community property state during the years in issue, respondent allocated the income equally between the Swindlers. ↩
4. In an amendment to his answer respondent asserted in the alternative that if the Court determines that Mr. Swindler is not liable for the fraud addition for either of the years in issue, then he is liable for additions under secs. 6651(a) and 6653(a) for failure to file a return and for negligence. Respondent will bear the burden of proof with respect to these alternative additions. Rule 142(a).↩
5. Based on our holding that Mr. Swindler is liable for fraud with respect to each of the years in issue, it is unnecessary for us to consider respondent's alternative argument that he is liable for additions to tax under secs. 6651(a) and 6653(a). See n. 4, supra.↩