MICHAEL SOWADA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sowada v. Commissioner
Docket No. 5209-82.
United States Tax Court
T.C. Memo 1984-419; 1984 Tax Ct. Memo LEXIS 252; 48 T.C.M. (CCH) 790; T.C.M. (RIA) 84419; August 7, 1984. Michael Sowada, pro se. Jack Forsberg, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's income tax as follows: Addition to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1976
$2,351.75
$ 587.94
$117.59
$ 87.58
1977
$3,718.50
$ 929.63
$185.93
$132.46
1978
$4,946.29
$1,236.57
$247.31
$157.88
1979
$6,289.99
$1,572.50
$314.50
$261.99
*253 After concessions, the issues for our decision are: 1) whether the assessment of deficiencies for 1976 and 1977 is barred by a statute of limitations; 2) whether respondent correctly determined petitioner's gross receipts; 3) whether petitioner is entitled to a deduction for business mileage; 4) whether petitioner is entitled to a dependency exemption for his wife; and 5) whether petitioner is liable for additions to tax under section 6651(a), section 6653(a), and section 6654. FINDINGS OF FACT Most of the facts have been stipulated. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner resided in Rice, Minnesota, when his petition was filed. During 1976, 1977, 1978, and 1979, petitioner was a self-employed carpenter. In April of 1977, 1978, 1979, and 1980, he mailed to the Internal Revenue Service Center at Ogden, Utah, documents purporting to be Federal income tax returns for 1976, 1977, 1978, and 1979. The documents contained no information regarding petitioner's income and deductions during those years. *254 Petitioner stated on all the documents that he objected to providing such information because of his privilege against self-incrimination. Petitioner has not shown that he was ever subject to even a remote possibility of criminal prosecution. Petitioner did not file any other documents as Federal income tax returns for 1976, 1977, 1978, and 1979. He did not file a declaration of estimated tax or make any deposit of estimated tax for those years. On December 8, 1981, respondent mailed a notice of deficiency to petitioner for the years in issue. The notice reflected respondent's determination, based upon a bank deposit and cash expenditures analysis prepared by Revenue Agent Richard Lee, of petitioner's gross receipts in 1976, 1977, 1978, and 1979. The parties have stipulated the amount of deductions to which petitioner is entitled for business expenses except for mileage. The parties have also stipulated the extent to which petitioner is entitled to dependency exemptions for his children. OPINION We must first determine whether the documents mailed by petitioner to the Ogden Service Center constitute returns. A document which does not contain sufficient information to *255 allow the computation of tax is not a valid return. United States v. Daly,481 F.2d 28, 29-30 (8th Cir. 1973). The Fifth Amendment does not justify petitioiner's refusal to disclose any information. Thompson v. Commissioner,78 T.C. 558, 562 (1982). Hence, the documents petitioner mailed to the Ogden Service Center are not returns. Because petitioner failed to file returns for 1976 and 1977, section 6501(c)(3) is applicable to those years. That section provides that if a return is not filed, the tax may be assessed at any time. Thus, petitioner's contention that assessment of his tax for 1976 and 1977 is barred by a statute of limitations is incorrect. At trial petitioner made an opening statement in which he indicated that he disputed respondent's determination of his gross receipts, respondent's refusal to allow any deduction for business mileage, and respondent's refusal to allow a deduction for a dependency exemption for his wife. However, petitioner declined to testify or present any other evidence. The only testimony given was that of Revenue Agent Lee, who described his calculation of petitioner's gross receipts. This testimony was *256 credible. The Fifth Amendment does not relieve petitioner from his burden of proving that respondent's determinations with respect to his income, deductions, and liability for additions to tax under section 6651(a), section 6653(a), and section 6654 are erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); Tax Court Rule 142(a). Since petitioner failed to present evidence on these issues at trial, respondent's determinations on these issues, subject to the concessions in the stipulations, are sustained. Decision will be entered under Rule 155.
Footnotes
1. All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩