GLENN R. SAUNIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Saunier v. Commissioner
Docket No. 10845-84.
United States Tax Court
T.C. Memo 1985-343; 1985 Tax Ct. Memo LEXIS 289; 50 T.C.M. (CCH) 398; T.C.M. (RIA) 85343; July 15, 1985. *289 Held: Petition dismissed and deficiencies and additions to tax determined; and damages awarded pursuant to section 6673. Glenn R. Saunier, pro se. Robert Scarbrough, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Deficiencies in income tax and additions to tax were determined against petitioner for the years and in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6654
Sec. 6653(a)
1979
$4,629.00
$1,154.25
$193.57
$231.45
1980
$4,092.00
$ 955.00
$239.05
$204.60
1981
$4,338.00
$ 982.00
$292.73
$216.90
Based upon petitioner's response to respondent's Request for Admissions and the allegations of the petition, petitioner's residence on the date of filing *290 the petition was Marshall, Arkansas. For convenience our Findings of Fact and Opinion are combined. This cause was set for trial at the regular trial session of the Court at Cleveland, Ohio. The Court's March 12, 1985 Order to Show Cause: (1) why this case should not be dismissed for failure to state a claim upon which relief can be granted; and (2) why the Court should not impose damages against petitioner under section 6673 (show cause order), was originally scheduled for hearing at Washington, D.C. The show cause order was rescheduled for hearing at Cleveland for the convenience of both parties. Petitioner was directed to file a response to the Court's show cause order on or before April 18, 1985 which response was required to set forth every fact upon which petitioner relied in opposition to the show cause order. Petitioner on April 18, 1985 filed a document styled a "Reply" which we have treated as his response to the Court's Order, although it is in the form of a reply *291 to respondent's amended answer. Respondent amended his answer in order to request the award of damages under section 6673.In his "Reply," as in virtually all other documents filed by petitioner, he reiterates that his primary issue is the protection of his constitutional rights, principally under the fifth amendment. The undisputed facts as shown by the record are that petitioner filed no Federal income tax returns for the years 1979, 1980, and 1981. The deficiencies are based principally upon respondent's determination that petitioner received wages from one employer during 1979 in the amount of almost $20,000, from four employers in 1980 aggregating slightly over $18,000 and from one employer in 1981 in the amount of almost $15,000, as well as small amounts of other income from various sources. Petitioner admitted to receiving wages from the employers specified in Form 886-A, attached to the notice of deficiency, in the years 1979 and 1980 although he has not admitted the amounts of wages determined by respondent. Petitioner denies that he received wages from the employer specified on Form 886-A by respondent in the year 1981. He does, however, admit to having received wages *292 from Prudential Insurance Company of America in 1981 in an unstated amount, an item not described in the notice of deficiency. The petition in generalities states that the notice of deficiency is based upon errors in overstating income, understating deductions, overstating taxes, understating credits, and arbitrarily computing penalties, as well as abridging petitioner's constitutional rights. Petitioner alleges that he has sufficient documentary evidence to prove a lesser amount of gross income than that determined by respondent, that he can prove additional deductions, that the tax computation method used by respondent overstates petitioner's tax liability, that petitioner was not given credits to which he is entitled against his tax liability, and that he did not disregard the rules and regulations and therefore is not subject to penalties. Petitioner further alleges that he has not been granted immunity and has had no opportunity to receive a determination as to whether certain information is subject to fourth and fifth amendment rights. Petitioner's principal thesis seems to be that he cannot complete an income tax return or furnish evidence of his income and deductions without *293 waiving his fifth amendment rights. The trial memorandum filed by petitioner with its frequent citation of cases shows petitioner's intelligence and his awareness of case law and legal analysis. Petitioner has refused to produce any documents or to engage in the stipulation process as required by Rule 91 and by our Standing Pre-Trial Order. Petitioner appeared at the calendar call and at the show cause hearing held later on the same day. He stated that he was ready for trial but attempted once more to launch into his several frivolous contentions. None of the pleadings filed by petitioner contains a single allegation of a specific basis for petitioner's asserted fear of criminal prosecution, and respondent's counsel at the hearing represented to the Court that respondent knew of no basis for any fear of criminal prosecution. Moreover, the employment admitted by petitioner was in several instances by well-known multistate or multinational corporations, and it is almost inconceivable that petitioner's employment by those employers could have had any criminal implications. The Court declined to hear petitioner's arguments and directed petitioner to address himself to the sole question *294 which the Court would hear--the determination of petitioner's correct tax liability for the years 1979, 1980, and 1981. When petitioner declined to do so, petitioner was again reminded by the Court that in his pleadings he had claimed that the deficiencies were overstated and that he had specifically denied having received any wages from one of the employers named in the statutory notice. Petitioner was warned that unless he was ready to proceed with the trial and focus on the merits of the tax controversy the Court would dismiss his petition and would sustain the deficiencies and additions to tax determined against him even though that might cause petitioner to pay a greater amount in income taxes for the 3 years than petitioner contended he owed. The Court again directed petitioner to take the stand and be sworn or have his petition dismissed for failure properly to prosecute. Petitioner refused to take the stand and be sworn and insisted that he would only continue to make his frivolous arguments to the Court. Accordingly, after ample notice to petitioner, the Court announced that the petition was dismissed and the show cause order made absolute. The Court further announced *295 that damages in the amount of $5,000 as requested by respondent in the amended answer would be imposed against petitioner. Petitioner's privilege against compulsory self-incrimination is not violated by his obligation to file an income tax return. Garner v. United States,424 U.S. 648 (1976); United States v. Sullivan,274 U.S. 259 (1927). With respect to petitioner's testimony, a witness may claim the protection of the fifth amendment only when he has a genuine fear of future prosecution and in that case he must provide the Court with sufficient information to enable the Court to evaluate and to protect his interest. Rechtzigel v. Commissioner,79 T.C. 132, 137 (1982), affd. 703 F.2d 1063 (8th Cir. 1983). In view of the case law cited by petitioner in his trial memorandum, we cannot believe that petitioner is not also familiar with these authorities. Although we would have been amply justified in holding the show cause hearing in Washington, D.C. and at that hearing dismissing the petition on the basis of the written responses by petitioner and respondent, since the petition clearly fails to comply with Rule 34(b), *296 [2] we gave him the benefit of the doubt. Accordingly, we continued the show cause hearing to the calendar call in order to give petitioner an opportunity to appear personally and to abandon his frivolous arguments. Since petitioner had denied receipt of wages from certain sources designated in the notice of deficiency, we hoped he could be persuaded to focus on pertinent facts bearing upon his tax liability. Due to petitioner's willful refusal to proceed to trial, we had no alternative but to dismiss the petition pursuant to Rule 123(b). Petitioner bears the burden of proof on the deficiencies and on all of the additions to tax and they are therefore determined against him as set forth in respondent's notice of deficiency. Rule 142. Section 6673 provides in pertinent part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. *297 * * * Petitioner's actions during the hearing as well as his pleadings demonstrate that petitioner had no desire in this case to review the correctness of the deficiencies determined against him. His sole purpose has been to attempt to frustrate respondent's counsel and his employees, to delay the inevitable time of reckoning with respondent, and to waste the resources of this Court by the assertion of frivolous arguments. As we have pointed out petitioner's contentions are both groundless and frivolous. We conclude that this proceeding was instituted and has been maintained primarily for delay. Accordingly, we award damages to the United States in the amount of $5,000 pursuant to section 6673. Abrams v. Commissioner,82 T.C. 403 (1984). An appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Wellman v. Commissioner,T.C. Memo. 1985-97↩.