RALPH L. ROGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rogers v. Commissioner
Docket No. 43333-85.
United States Tax Court
T.C. Memo 1987-287; 1987 Tax Ct. Memo LEXIS 287; 53 T.C.M. (CCH) 1066; T.C.M. (RIA) 87287; June 10, 1987. Ralph L. Rogers, pro se. Nancy B. Herbert and Jeffrey L. Bassin, for the respondent. *288 GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, by a statutory notice of deficiency dated September 4, 1985, determined deficiencies in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6654
Sec. 6651(a)(1)
1978
$7,374.79
$368.74 $48.90
$675.10 1979
9,124.02
456.20
74.54
812.32
1980
8,438.33
421.92
115.77
785.34
1981
11,196.00
559.80 *
175.16
1,016.98  1982
4,685.00
234.25 **
237.65
The issues are: (1) Whether respondent's determination of tax and additions to tax should be sustained where petitioner merely asserts a "Fifth Amendment objection" to reporting and paying tax, (2) whether petitioner is entitled to a dependency exemption for his wife, and (3) whether *289 damages should be awarded under section 6673. Petitioner's legal residence at the time of filing his petition was Kettering, Ohio. For each of the taxable years 1978, 1979, 1980, 1981 and 1982, petitioner submitted a document to the Internal Revenue Service that purported to be a Form 1040, U.S. Individual Income Tax Return. Petitioner signed each document, but did not include information from which a tax could be computed. Petitioner merely placed the words "5th Amendment" or "Object" in each information space provided on the form. Additionally, pro forma protest-type materials were attached to each document filed with the Internal Revenue Service regarding "Fifth Amendment Privileges." At the trial, petitioner continued references to the Fifth Amendment, but did not provide any information that would even remotely suggest a reasonable basis to fear self-incrimination. Instead, petitioner stated that his course of action (filing documents with insufficient information) was essentially aimed at the Internal Revenue Service because petitioner did not trust it. Petitioner related an incident involving prior years where the Internal Revenue Service had resorted to enforced collection *290 activity against him and had levied against his wages. [2] Petitioner also raised the frivolous argument that the tax system is voluntary and that, accordingly, he should not be forced to report income and pay tax. Petitioner has the burden of proof in regard to the deficiencies and additions to tax. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). Petitioner has not sustained this burden. The privilege against self-incrimination under the Fifth Amendment to the United States Constitution is not applicable where criminal prosecution is only a remote, speculative or unlikely possibility. Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); Reiff v. Commissioner,77 T.C. 1169, 1174 (1981). We are satisfied that any possible danger of self-incrimination to petitioner in this case is so remote and speculative that a claim under the Fifth Amendment is not supportable. We are also satisfied that petitioner's Fifth *291 Amendment claim with respect to the years before the Court is frivolous. For each of the years in issue, petitioner has claimed a dependency exemption for his wife, Laura. Section 151(b) would allow an exemption for a spouse if the spouse had no gross income and is not the dependent of another. In this case, petitioner's wife filed a separate return for each of the taxable years 1978 through 1982 reporting gross income and claiming herself for purposes of the dependency exemption. Accordingly, petitioner is not entitled to claim his wife as a dependent for purposes of an exemption for the taxable years 1978 through 1982. Petitioner has not sustained his burden of proof to establish that his failure to file a proper return was due to a reasonable cause and not due to willful neglect within the meaning of section 6651(a)(1). Fischer v. Commissioner,50 T.C. 164, 177 (1968). He has also failed to sustain his burden of establishing that the underpayment of tax was not due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a). Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Since petitioner *292 failed to pay estimated tax, the addition under section 6654 is mandatory in this case. Bagur v. Commissioner,66 T.C. 817, 824 (1976). The final matter for our consideration relates to respondent's motion for damages under section 6673. Section 6673 provides for damages, not in excess of $5,000, whenever it appears that the proceeding has been instituted or maintained primarily for delay, that the taxpayer's position is frivolous or groundless, or with respect to proceedings commenced after October 22, 1986, that the taxpayer unreasonably failed to pursue available administrative remedies. At the trial, petitioner admitted that his course of action (filing documents with insufficient information) has continued since 1974. Petitioner appeared before this Court in a prior case concerning his 1974 through 1977 taxable years. On that occasion, respondent moved for summary judgment and, after a hearing, respondent's summary judgment motion was granted with respect to the 1974 through 1977 taxable years of petitioner. By an order filed February 28, 1983, the Circuit Court of Appeals for the Sixth Circuit affirmed the order and decision of this Court entered against *293 petitioner. Furthermore, on August 16, 1986 (shortly after the issuance of the trial notice in this case), respondent sent a letter to petitioner (which petitioner admitted receiving) inviting his attention to the provisions of section 6673 and citing two similar cases where damages were awarded to the United States against individuals making frivolous arguments with respect to the payment of their tax liability. Copies of the cases were attached and forwarded to petitioner along with respondent's August 15 letter. Although petitioner stated numerous times during the trial that his Fifth Amendment claim was genuine and not frivolous and that he was not maintaining this action for purposes of delay, we find, in light of the record in this case, petitioner's statements to be disingenuous. In spite of prior adjudications with respect to his earlier taxable years where he essentially and substantially took the same positions and in spite of respondent's warnings and attempt to alert petitioner to the potential for damages in situations where frivolous positions are taken, petitioner chose to continue to assert these arguments and positions. Accordingly, respondent's motion for damages *294 will be granted. Damages will be awarded to the United States in the maximum amount of $5,000. To reflect the foregoing, An appropriate order and decision for the respondent will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of the interest due on $4,067.90 ** 50 percent of the interest due on $950.58↩
2. One might infer that petitioner's refusal to report any income or to pay over-tax liability to the Government is an act of retribution against the Government.↩