T.C. Memo. 2008-100

UNITED STATES TAX COURT

REGAN D. AND SUSAN A. REEDY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10941-06.                    Filed April 15, 2008.

Regan D. and Susan A. Reedy, pro sese.

Aaron D. Gregory, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion to impose sanctions (respondent's motion).  We shall grant respondent's motion.

## Background

Petitioners resided in Christiansburg, Virginia, at the time they filed the petition in this case.

In the petition, petitioners allege error in respondent's determinations in the notice of deficiency for petitioners' taxable year 2000 (2000 notice) (1) that there is a deficiency of $40,023 in petitioners' Federal income tax (tax), (2) that petitioners have capital gain of $246,277,[1] and (3) that petitioners are liable for an addition to tax of $29,402.25 under section 6651(f)[2] for fraudulent failure to file a tax return.[3]

In paragraph 7 of the answer, respondent affirmatively alleged the following with respect to respondent's determination in the 2000 notice that petitioners are liable for an addition to tax under section 6651(f):

> a. During the year 2000, petitioners were married to each other and were engaged in the operation of a business known as Reedy's Paint and Body Supplies, Inc. (the "Corporation"). The petitioners owned the Corporation as the sole-shareholders.

> b. During the year 2000, the Corporation was liquidated. The net proceeds from the sale of the Corporation's assets equaled approximately $246,277.00.

---

[1]As a result of respondent's determination to increase petitioners' capital gain for their taxable year 2000, respondent determined to reduce the amount of the personal exemptions that petitioners claimed in the tax return for that year that the Internal Revenue Service received from petitioners in October 2004.

[2]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]In the 2000 notice, respondent determined in the alternative to respondent's determination under sec. 6651(f) that petitioners are liable for an addition to tax under sec. 6651(a)(1).

All of the net proceeds were received by the petitioners in the year 2000.

     c.  Upon receiving the net proceeds from the sale of the Corporation, the petitioners transferred approximately $255,000.00 to an offshore trust/tax avoidance scheme known as Anderson Ark and Associates ("Anderson Ark"). Anderson Ark was based in Costa Rica and involved the use of offshore credit cards and bank accounts.

     d.  The petitioners failed to file a timely income tax return for the year 2000 and subsequent years. Eventually, in October 2004, the petitioners submitted a delinquent return for the year 2000 after several attempts by respondent's compliance office, including the issuance of summonses, to secure a delinquent return and/or to obtain relevant information regarding the unfiled return for the year 2000. The delinquent year 2000 income tax return provided by the petitioners did not report the proceeds from the liquidation of the Corporation as income, which fact was acknowledged by the petitioners' representative at the time the delinquent return was filed.

     e.  Petitioners filed their federal income tax returns prior to the year 2000 and were aware of their obligation to timely file a correct federal income tax return for the year 2000.

     f.  Petitioners' failure to timely file their return for the tax year 2000 was fraudulent and not due to reasonable cause.

     g.  Petitioners are liable for the fraudulent failure to file penalty pursuant to I.R.C. § 6651(f) for the taxable year 2000.

In petitioners' reply, petitioners alleged the following with respect to respondent's affirmative allegations in paragraph 7 of the answer regarding respondent's determination that petitioners are liable for an addition to tax under section 6651(f):

     1.  Petitioners admit the allegation in paragraph 7a of the Answer.

2. Petitioners admit the allegation in paragraph 7b of the Answer.

3. As to the allegations in paragraph 7c of the Answer, Petitioners admit that they transferred money to Keith Anderson of Anderson Ark Associates, but specifically deny that such transfer was part of an "offshore trust/tax avoidance scheme." Petitioners allege that Anderson Ark represented the transaction as a perfectly legal investment program. Petitioners did not set out to avoid taxes. They set out to invest money.

4. Petitioners admit the allegations in paragraph 7d of the Answer insofar as it alleges that Petitioners failed to file a timely 2000 federal income tax return and that filing the return was in response to IRS pressure to file. Petitioners expressly deny that they knew or believed that the proceeds of the liquidated corporation were taxable at any level. Petitioners did not believe they had any duty to file a return or that they had a tax liability in connection with the proceeds of the liquidation.

5. Petitioners deny the allegation in paragraph 7e of the Answer insofar as it alleges that Petitioners knew they had a duty to file a federal income tax return for the year 2000.

6. Petitioners deny the allegation in paragraph 7f of the Answer.

7. Petitioners deny the allegation in paragraph 7g of the Answer.

After this case was calendared for trial at the Court's trial session beginning on March 5, 2007, in St. Paul, Minnesota (St. Paul trial session), respondent filed with the Court and served on petitioners the following requests for admission:

1. In the year 2000, Petitioners were the sole shareholders of an S corporation sometimes referred to as Reedy's Paint and Body, Inc. (hereinafter "the corporation").

2.   During the year 2000, Petitioners received $246,277 from the sale of the assets of the corporation.

3.   Petitioners made no loans to the corporation in the year 1999.

4.   Petitioners made no loans to the corporation in the year 2000.

5.   Petitioners have no records of loans made by Petitioners to the corporation during any year.

6.   Petitioners have no records of capital contributions made by Petitioners to the corporation during any year.

7.   Petitioners' federal income tax return for the year 2000 was due on April 15, 2001.

8.   Petitioners did not request, or receive, an extension of time in which to file their federal income tax return for the year 2000.

9.   Petitioners submitted their federal income tax return for the year 2000 to the Internal Revenue Service on October 21, 2004.

Petitioners did not file with the Court and did not serve on respondent a response to respondent's requests for admission. Accordingly, each matter set forth in respondent's requests for admission is deemed admitted pursuant to Rule 90(c).

After this case was calendared for trial at the St. Paul trial session, respondent filed a motion to compel answers to interrogatories and responses to requests for production of documents.  The Court issued an Order dated January 25, 2007 (January 25, 2007 Order) in which it granted that motion.  In that Order, the Court ordered that

> petitioners shall, on or before February 22, 2007,
> (1) produce to counsel for respondent those documents
> requested in respondent's request for production of
> documents served on petitioners on December 19, 2006,
> and (2) serve on counsel for respondent answers to each
> of the interrogatories served on petitioners on Decem-
> ber 19, 2006. * * *

In the January 25, 2007 Order, the Court indicated that:

> in the event petitioners do not fully comply with the
> provisions of this Order, this Court may be inclined to
> impose sanctions pursuant to Tax Court Rule 104, which
> may include dismissal of this case and entry of a
> decision against petitioners.

About three months after the notice setting this case for trial at the St. Paul trial session was served on petitioners, petitioners' counsel of record filed a motion for leave to withdraw. In that motion, petitioners' counsel of record represented in pertinent part as follows:

> 1. The Petitioners have clearly expressed to the
> undersigned that they no longer wish to have the under-
> signed represent them in this matter.
>
> 2. The Petitioners have already contacted the
> Respondent's counsel directly in order to discuss the
> case with Respondent's counsel.
>
> 3. Petitioner has advised Respondent's counsel by
> fax letter dated December 18, 2006, that Respondent may
> deal directly with the Petitioners in this matter.
>
> 4. Based upon the clear wishes of the Petition-
> ers, this Court should permit the withdrawal of counsel
> under Rule 24(c), Tax Court Rules of Practice.

The Court granted the motion for leave to withdraw.

About a month thereafter, respondent filed a motion for continuance of trial and a motion to change place of trial. In

respondent's motion for continuance of trial, respondent repre-sented in pertinent part as follows:

1. Petitioners in this case reside in Christiansburg, Virginia.

2. Until January 4, 2007, petitioners had been represented by Mr. Pilla, who was located in St. Paul. Petitioners are now acting pro se.

3. On February 4, 2007, petitioner Regan Reedy contacted the undersigned and stated he had just been released from the hospital. Mr. Reedy asked if his case could be transferred to an office closer to his residence. He indicated that Richmond, VA was acceptable.

4. Concurrent with the filing of this motion, respondent is submitting a motion to change place of trial to Richmond, Virginia.

In respondent's motion to change place of trial, respondent represented in pertinent part as follows:

2. Concurrent with the filing of this motion respondent has submitted a motion to continue the trial of this case. This case has not previously been continued.

3. Until January 4, 2007, petitioners had been represented by Mr. Pilla, who was located in St. Paul. Petitioners are now acting pro se.

4. On February 2, 2007, petitioner Regan Reedy contacted the undersigned and stated he had just been released from the hospital. Mr. Reedy asked if his case could be transferred to an office closer to his residence. He indicated that Richmond, VA was acceptable.

5. Petitioners in this matter reside in Christiansburg, Virginia. Respondent believes that the books and records pertinent to this case, including petitioners' books and records and the records of the related corporation are primarily located in Virginia.

6. The pertinent witnesses in this matter appear to reside in or around Richmond, Virginia including the following:

   (a) Petitioners.

   (b) The revenue agent that conducted the examination.

   (c) The purchaser of petitioner's business during the year at issue.

   (d) The preparer of petitioners' income tax return for the year at issue, as well as the return of the related corporation.

The Court granted respondent's motion for continuance of trial and respondent's motion to change place of trial.

On July 26, 2007, respondent filed a motion to impose sanctions. In that motion, respondent asked the Court to impose sanctions on petitioners under Rule 104(c) for their failure to comply with the Court's January 25, 2007 Order. The Court issued to petitioners a notice of the filing of respondent's motion for sanctions. In that notice, the Court ordered that any objection by petitioners to that motion be filed by August 30, 2007.

On August 31, 2007, petitioners filed an objection to respondent's motion for sanctions. That objection contained statements, contentions, and/or arguments that the Court finds to be frivolous and groundless.

After having received petitioners' objection to respondent's motion for sanctions, the Court issued an Order to Show Cause dated September 10, 2007 (Order to show cause). In that Order,

the Court

> ORDERED that petitioners, on or before October 1,
> 2007, shall show cause, if any, in writing why this
> case should not be dismissed and a decision entered
> against petitioners due to their failure to comply with
> the Court's Order dated January 25, 2007.

Petitioners filed a response to the Order to show cause. That response contained statements, contentions, and/or arguments that the Court found in an Order dated December 4, 2007 (December 4, 2007 Order) to be frivolous and groundless. In the December 4, 2007 Order, the Court reminded petitioners about section 6673(a)(1) and informed them that

> In the event that petitioners continue to advance
> frivolous and/or groundless statements, contentions,
> and/or arguments, the Court will impose a penalty not
> in excess of $25,000 on petitioners under section
> 6673(a)(1) * * *.

On January 4, 2008, petitioners submitted to the Court various documents that in an Order dated January 10, 2008 (January 10, 2008 Order) the Court had filed as petitioners' supplement to petitioners' response to the Order to show cause. That supplement contained statements, contentions, and/or arguments that the Court found in the January 10, 2008 Order to be frivolous and groundless. In that Order, the Court again reminded petitioners about section 6673(a)(1) and the consequences described in the Court's December 4, 2007 Order in the event that petitioners continued to advance frivolous and/or groundless statements, contentions, and/or arguments in this case.

On January 4, 2008, respondent filed a reply to petitioners' response to the Order to show cause.

On March 5, 2008, petitioners submitted to the Court various documents that in an Order dated March 6, 2008 (March 6, 2008 Order) the Court had filed as petitioners' reply to respondent's reply to petitioners' response to the Order to show cause. That reply of petitioners contained statements, contentions, and/or arguments that the Court found in the March 6, 2008 Order to be frivolous and groundless. In that Order, the Court again reminded petitioners about section 6673(a)(1) and the consequences described in the Court's December 4, 2007 Order and the Court's January 10, 2008 Order from their continuing to advance frivolous and/or groundless statements, contentions, and/or arguments in this case.

## Discussion

Where a party fails to obey an Order of the Court with respect to, inter alia, Rule 71 relating to interrogatories and Rule 72 relating to the production of documents and things, the Court may make such Orders as to the failure that are just, including

> (3) An order striking out pleadings or parts thereof, * * * or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party.

Rule 104(c)(3).

In objecting to respondent's motion for sanctions, petition-
ers advanced statements, contentions, and/or arguments that the
Court found to be frivolous and groundless. In petitioners'
response to the Court's Order to show cause, petitioners contin-
ued to advance frivolous and groundless statements, contentions,
and/or arguments. In petitioners' supplement to petitioners'
response to the Order to show cause, petitioners persisted in
advancing statements, contentions, and/or arguments that the
Court found to be frivolous and groundless. In petitioners'
reply to respondent's reply to petitioners' response to the Order
to show cause, petitioners continued to advance statements,
contentions, and/or arguments that the Court found to be frivo-
lous and groundless.

Petitioners have willfully disobeyed the Court's January 25,
2007 Order. They have persisted in advancing frivolous and
groundless statements, contentions, and/or arguments as their
response to whether the Court should impose sanctions on them
under Rule 104(c) for their failure to obey that Order.

Petitioners' failure to comply with the Court's January 25,
2007 Order has operated to prejudice substantially respondent's
ability to proceed to gather evidence in support of respondent's
determinations in the 2000 notice, including respondent's deter-
mination that petitioners are liable for an addition to tax under
section 6651(f) for fraudulent failure to file their tax return

for their taxable year 2000.

The Court has the authority under Rule 104(c)(3) to order dismissal of the petition and thereby to grant judgment for respondent with respect to the deficiency determined for petitioners' taxable year 2000. The Court also has the authority under Rule 104(c)(3) to enter a judgment by default for respondent with respect to the addition to tax under section 6651(a)(1) determined for that year. See Rechtzigel v. Commissioner, 79 T.C. 132 (1982), affd. per curiam on another ground 703 F.2d 1063 (8th Cir. 1983). With respect to the addition to tax under section 6651(f) on which respondent has the burden of proof by clear and convincing evidence, see sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 652-653 (1994), the entry of a default judgment as a sanction under Rule 104(c)(3) has the effect of deeming admitted all of respondent's factual and conclusory allegations relating to section 6651(f) that are set forth in the answer, see Rechtzigel v. Commissioner, supra at 142. Facts alleged by respondent in the answer are deemed to be true, and judgment for respondent is proper if the facts deemed to be true are sufficient to show that petitioners fraudulently failed to file their tax return for their taxable year 2000. See id.

We have examined the affirmative allegations in paragraph 7 of respondent's answer[4] and find them to be sufficient to show that petitioners fraudulently failed to file a tax return for their taxable year 2000.[5]

By refusing to comply with the Court's January 25, 2007 Order requiring petitioners to comply with respondent's discovery requests, petitioners have prevented this case from proceeding to the stage at which it is ready for trial. The Court is (1) dismissing the petition and thereby granting judgment for respondent with respect to the deficiency determined for petitioners' taxable year 2000 and (2) granting a judgment by default for respondent with respect to the addition to tax under section 6651(f) determined for that year as sanctions under Rule 104(c)(3) for petitioners' willful flaunting of the Court's January 25, 2007 Order, which has hampered respondent's ability to develop this case. See id. at 143.

---

[4]We have also considered the matters set forth in respondent's requests for admission that are deemed admitted pursuant to Rule 90(c).

[5]Although we have the authority under Rule 104(c)(3) to strike petitioners' reply, that act would be meaningless. That is because the absence of a reply has the effect under Rule 37(c) of a denial of the affirmative allegations in the answer, which is essentially what petitioners' reply achieved. The necessary effect of defaulting petitioners is to deem admitted the affirmative allegations in paragraph 7 of the answer, regardless of petitioners' denial. The sanction under Rule 104(c)(3) in effect converts the denial in petitioners' reply into an admission. See Rechtzigel v. Commissioner, 79 T.C. 132, 142 n.11 (1982), affd. per curiam on another ground 703 F.2d 1063 (8th Cir. 1983).

The Court turns now sua sponte to section 6673(a)(1), a provision that the Court brought to petitioners' attention on several occasions. Section 6673(a)(1) authorizes the Court to impose a penalty in favor of the United States in an amount not to exceed $25,000, inter alia, whenever it appears that a taxpayer's position in a proceeding is frivolous and/or groundless or that the taxpayer institutes or maintains the proceeding in the Court primarily for delay.

Despite repeated admonitions to petitioners that the Court would impose a penalty on them under section 6673(a)(1) if they continued to advance frivolous and/or groundless statements, contentions, and arguments, they persisted in doing so.

On the record before us, we find that petitioners' position in this case is frivolous and groundless and that petitioners instituted and maintained this case primarily for delay. Accordingly, we shall impose a $15,000 penalty on petitioners under section 6673(a)(1).

We have considered all of petitioners' statements, contentions, and/or arguments that are not discussed herein and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.