ROBERT L. BROWN, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Brown v. Commissioner
Docket No.: 20695-85
United States Tax Court
1987 U.S. Tax Ct. LEXIS 186; May 5, 1987, Decided L. W. Hamblen, Jr., Judge. L. W. Hamblen, Jr.
MEMORANDUM SUR ORDER
This case is before the Court on respondent's motion to impose sanctions for failure to comply with discovery requests and to obey court order.
Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows:
Addition to Tax
Year Deficiency
Sec. 6653(b) [1]
1976
$ 19,194.23
$ 9,597.12
1977
17,575.27
8,787.64
1978
23,275.88
11,637.94
Petitioner *187 resided in the state of Virginia at the time the petition was filed in this case.
Federal income tax returns were not filed by petitioner from 1968 through the years at issue. Petitioner was aware of the filing requirements as evidenced by the filing of Federal income tax returns for the years 1963 through 1967 and the filing of Form 4868, Application for Extension of Time, for 1975 and 1976. Petitioner pled guilty to a violation of section 7203 to charges of failure to file an income tax return for 1978. [2]
During the years 1976, 1977, and 1978, petitioner operated a business of collecting accounts receivable from medical doctors in the Cleveland, Ohio, area for which he had gross receipts of $ 112,331.54, $ 129,626.92, and $ 135,283.58, respectively. In addition to the collection business, petitioner also obtained income by subletting a portion of his rental space, which income *188 is included in the above figures. During the years 1976 and 1977, petitioner received interest income of $ 497.29 and $ 454.65, respectively, and, in 1976, petitioner received $ 82.00 in commission income on the sale of a life insurance policy.
When the Court issued its notice setting case for trial in this case, it served on the parties therewith a standing pre-trial order. Said standing pre-trial order states, among other things, that:
(a) All facts shall be stipulated to the maximum extent possible;
(b) If a complete stipulation of facts is not ready for submission at trial, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party.
(c) Unless a basis for settlement has been reached, each party shall submit a trial memorandum 15 days prior to the call of the calendar.
(d) If any unexcused failure to comply with this order adversely affects the timing or conduct of the trial, the Court may impose appropriate sanctions, including dismissal.
Petitioner did not comply with the above directives. Respondent filed with the Court a request for admissions. *189 No response pursuant to Rule 90(c) was filed by petitioner. Consequently, each matter in respondent's request for admissions is deemed admitted. Thereafter, respondent filed motions to compel production of documents and answers to interrogatories or to impose sanctions. The Court granted respondent's motions in that petitioner was directed to answer the interrogatories and produce the documents within 21 days from the date of service of the Court's order. Upon petitioner's failure to comply with the Court's order, respondent filed a motion to impose sanctions pursuant to Rule 104(c). That motion was calendared for hearing at calendar call for the trial session on which this case was calendared for trial. There was no appearance by or on behalf of petitioner at said trial session.
Pursuant to Rule 104(c), "If a party * * * fails to obey an order made by the Court * * *, the Court may make such orders as to the failure as are just, and among others the following: * * * dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party."
It is clear that respondent must prevail on the underlying deficiencies he has determined for the years in issue. *190 See Eisele v. Commissioner, 580 F.2d 805 (5th Cir. 1978), affg. an unpublished order of this Court; McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).
As to the addition to tax for fraud, the burden of proof is on respondent and he must carry that burden by clear and convincing evidence. See sec. 7454 (a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court.
The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." Cirillo v. Commissioner, 314 F.2d 478, 482 (3d Cir. 1963), revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however is *191 "persuasive evidence of an intent to defraud the government." Stoltzfus v. United States, supra at 1005; Marsellus v. Commissioner, 544 F.2d 883, 885 (5th Cir. 1977), affg. a Memorandum Opinion of this Court.
Petitioner failed to file Federal income tax returns from 1968 through the years in issue. Petitioner pled guilty to willfully failing to file a return for 1978 under section 7203. Petitioner's awareness of his obligation to file returns and his failure to report substantial amounts of income that he knew he owed during the years before the Court represent clear and convincing evidence of fraud.
Furthermore, although petitioner initially cooperated with respondent in the filing of a first stipulation of facts with the Court, he neither communicated with respondent thereafter nor responded to any of the Court's orders and directives. This Court, in finding fraud, stated in Rechtzigel v. Commissioner, 79 T.C. 132, 143 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983), "By not cooperating in discovery, petitioner has prevented this case from proceeding *192 to the stage at which it is ready for trial."
Therefore, we hold that the income taxes set forth above are due and owing by petitioner and that the underpayment of those taxes is due to fraud with intent to evade tax. Grosshandler v. Commissioner, 75 T.C. 1 (1980); Stoltfus v. United States, supra.
An appropriate order and decision will be issued granting respondent's motion for sanctions and entering decision against petitioner in the amounts set forth in the notice of deficiency.
L. W. Hamblen, Jr.
Judge Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A two-count information was filed on August 19, 1982, on charges of failure to file Federal income tax returns for 1977 and 1978. Petitioner pled guilty to a violation of section 7203 for 1978; the other charge in the information was dismissed in exchange for his plea of guilty to the charge for 1978.↩